**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Adam Jensen,<br><br>Plaintiff,<br><br>v.<br><br>Arizona Supreme Court, et al.,<br><br>Defendants. | No. CV-25-00238-TUC-BGM<br>No. CV-25-00239-TUC-JGZ<br>No. CV-25-00240-TUC-RM<br>No. CV-25-00241-TUC-MSA<br>No. CV-25-00246-TUC-SHR<br><br>**ORDER** |

Pro se Plaintiff Jason Adam Jensen has filed motions to join his pending cases, pursuant to Rule 20, Fed. R. Civ. P., with case CV-25-00178-TUC-JEM.[1] Plaintiff asserted that the actions involved the same legal challenges and overlapping evidence, and that judicial economy would be served by joinder. On May 27, 2025, Plaintiff voluntarily dismissed case CV-25-00178-TUC-JEM. (*See* CV-25-00178-TUC-JEM, Doc. 33.) As a result of the dismissal, Plaintiff's motions to join CV-25-00178-TUC-JEM are moot.

The Court will, nonetheless, transfer the cases to one judge pursuant to Fed. R. Civ. P. 42(a) and Local Rule of Civil Procedure 42.1(e). Federal Rule of Civil Procedure 42 provides, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Local Rule of Civil Procedure 42.1(e) authorizes the Court to transfer a case "[f]or

---

[1] *See* (CV-25-00238-TUC-BGM, Doc. 2); (CV-25-00239-TUC-JGZ, Doc. 2); (CV-25-00240-TUC-RM, Doc. 2); (CV-25-00241-TUC-MSA, Doc. 2).

reasons which would entail substantial duplication of labor if heard by the transferor Judge" or "[f]or reasons of judicial economy and the availability of judicial resources." LRCiv. 42.1(e)(2), (3).[2]

Plaintiff's actions challenge the legality of various procedures, policies, and practices of the separate defendants under Title II of the Americans with Disabilities Act (the "ADA") and the constitutionality of the ADA. Given the common questions of law, to avoid unnecessary cost and delay, and with the consent of the other assigned judges, the Court finds that transfer of the cases to the undersigned is appropriate and in the interest of judicial economy. Accordingly,

**IT IS ORDERED** the Clerk of Court shall **transfer** cases CV-25-00238-TUC-BGM, CV-25-00240-TUC-RM, CV-25-00241-TUC-MSA, and CV-25-00246-TUC-SHR to Chief District Judge Jennifer G. Zipps for all further proceedings.

**IT IS FURTHER ORDERED** that all future pleadings and papers the parties file with the Court shall bear the case numbers **CV-25-00238-TUC-JGZ, CV-25-00240-TUC-JGZ, CV-25-00241-TUC-JGZ, and CV-25-00246-TUC-JGZ**, respectively.

**IT IS FURTHER ORDERED** that the Plaintiff's motions to join (CV-25-00238-TUC-BGM, Doc. 2), (CV-25-00239-TUC-JGZ, Doc. 2), (CV-25-00240-TUC-RM, Doc. 2), (CV-25-00241-TUC-MSA, Doc. 2), are **denied** as moot.

Dated this 17th day of June, 2025.

_____
Jennifer G. Zipps
Chief United States District Judge

---

[2] Plaintiff further requested in his Motion for Joinder that the Court maintain Plaintiff's in forma pauperis (IFP) status across all actions. Plaintiff must file a request for IFP status in each case in which he seeks such status. The Court cannot grant IFP based on papers filed in earlier cases.