**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Adam Jensen, | No. CV-25-00240-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Jonathan Pinkney, | |
| Defendant. | |

On May 22, 2025, pro se Plaintiff Jason Adam Jensen filed a Complaint against Defendant Jonathan Pinkney alleging claims for "obstruction and intimidation in connection with the Plaintiff's lawful exercise of rights under the Americans with Disabilities Act (ADA)." (Doc. 1.) Plaintiff has also filed an Application for Leave to Proceed In Forma Pauperis and Motion to Allow Electronic Filing by a Party Appearing Without an Attorney. (Docs. 11, 13.) For the following reasons, the Court will grant Plaintiff's Application for Leave to Proceed in Forma Pauperis, grant Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney, and dismiss Plaintiff's Complaint with leave to amend.

**I.     Application to Proceed In Forma Pauperis**

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); LRCiv 3.3. Review of Plaintiff's Application demonstrates that his modest living expenses exceed his limited income. (Doc. 11.) Therefore, the Court will grant the Application.

## II. Permission to Electronically File Documents

Plaintiff has also requested permission to electronically file documents in this matter. The applicable procedural rule requires that a "pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies referred to in the ECF Administrative Policies and Procedures Manual." ECF Administrative Policies and Procedures Manual, Section II.B.3. Plaintiff asserts that he possesses the technical requirements for e-filing and lists the equipment and software available to him. (Doc. 13 at 2.) He has also stated that he agrees to follow all rules and policies referred to in the ECF Administrative Policies and Procedures Manual. (*Id.* at 1–3.) Therefore, the Court will grant Plaintiff's request.

## III. Screening Order

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### A. General Requirements

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Especially where the pleader is pro se, the "pleading should be liberally construed in the interests of justice." *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Fed. R. Civ. P. 10(b). "Each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* Failure to set forth claims in such a manner places the onus "on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to

the relief sought." *Haynes v. Anderson & Strudwick, Inc.*, 508 F. Supp. 1303, 1307 n.1 (E.D. Va. 1981). "Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims." *Ramage v. United States*, No. CIV 14-2132-TUC-CKJ, 2014 WL 4702288, at *1 (D. Ariz. Sept. 22, 2014) (citing *Benoit v. Ocwen Fin. Corp.*, 960 F. Supp. 287, 289 (S.D. Fla. 1997), *aff'd sub nom. Benoit v. Ocwen Fin. Corp.*, 162 F.3d 1177 (11th Cir. 1998) (compliance with rule mandatory where allegations were so confounding and conclusory, claims were commingled, and unfeasible to decipher nature of claims)).

If a court determines that dismissal is appropriate, a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint might state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002). Moreover, when dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).

**B.    Requirement that Action State a Claim on Which Relief Can be Granted**

In order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id.* at 555. Indeed, Fed. R. Civ. P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion, of entitlement to relief." *Id.* at 555, n.3. The complaint "'must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action.'" *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (interpreting Rule 8(a) and explaining that there must be specific, non-conclusory factual allegations sufficient to support a finding by the court that the claims are more than merely possible, they are

1   plausible). Although a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) has not been
2   filed in this case, the Court screens the Complaint in light of *Twombly* and must determine
3   if Plaintiff has "nudge[d] [his] claims across the line from conceivable to plausible."
4   *Twombly*, 550 U.S. at 555. The Court also considers that the Supreme Court has cited
5   *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a
6   pleading that satisfies Rule 8(a)(2)]." *Erickson v. Pardue*, 551 U.S. 89, 93 (2007). Instead,
7   a statement must "'give the defendant fair notice of what the . . . claim is and the grounds
8   upon which it rests.'" *Id.* at 93 (quoting *Twombly*, 550 U.S, at 555).

9   In discussing *Twombly*, the Ninth Circuit has stated "[a] claim has facial plausibility
10  when the plaintiff pleads factual content that allows the court to draw the reasonable
11  inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.
12  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more
13  than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550
14  U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a
15  defendant's liability, it 'stops short of the line between possibility and plausibility of
16  entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In sum, for a complaint to
17  survive a motion to dismiss, the non-conclusory "factual content," and reasonable
18  inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff
19  to relief. *Id.* at 678; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

20  In general, a complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*,
21  416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S.
22  800 (1982). This Court must take as true all allegations of material fact and construe them
23  in the light most favorable to Plaintiff. *See Cervantes v. United States*, 330 F.3d 1186, 1187
24  (9th Cir. 2003). Nonetheless, the Court does not accept as true unreasonable inferences or
25  conclusory legal allegations cast in the form of factual allegations. *Western Mining Council
26  v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, the Court is not to serve as an
27  advocate of a pro se litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987),
28  *superseded by statute as stated in Akhtar v. Mesa*, 698 F.3d 1202 (9th Cir. 2012), in

attempting to decipher a complaint.

### C. Failure to comply with Rule Fed. R. Civ. P. 8(a)

As a threshold matter, the Court notes that Plaintiff's Complaint fails to comply with Rule 8(a)'s requirement that the complaint contain a short, plain statement of Plaintiff's claims. In the Complaint, Plaintiff lists his intended legal causes of action, but does not state the facts underlying those alleged claims. The Complaint does not include a date of the incident or state what Defendant Pinkney allegedly did that was coercive or inflammatory. Thus, the Complaint fails to put Defendant Pinkney on proper notice of the nature and basis of Plaintiff's claims. On this basis alone, dismissal with leave to amend is appropriate.

### IV. Amended Complaint

The Court will dismiss the Complaint with leave to amend.[1] *See Noll*, 809 F.2d at 1448 (leave to amend is liberally granted unless absolutely clear deficiencies cannot be cured by amendment). The Court has provided the reasons for the dismissal to permit Plaintiff to make an intelligent decision whether to file a First Amended Complaint. *See Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962). Furthermore, Plaintiff is advised that all causes of action alleged in the original Complaint which are not alleged in the First Amended Complaint will be waived. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("an amended pleading supersedes the original").

Any amended complaint filed by Plaintiff must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. An amended complaint must be clearly designated as the First Amended Complaint on the face of the document and formatted in compliance with LRCiv 7.1. Plaintiff is advised that if an amended complaint fails to state a claim upon which relief can be granted, the Court will

---

[1] The Court suggests Plaintiff review the Court's informational Handbook for Self-Represented Litigants, available at https://www.azd.uscourts.gov/proceeding-without-attorney-0, prior to submitting an amended complaint. Plaintiff is also advised that the non-profit Step Up to Justice provides free, advice-only consultation to federal self-represented litigants. More information is available at https://www.azd.uscourts.gov/federal-court-advice-only-clinic-tucson (last visited Sept. 29, 2024).

likely dismiss this action. Additionally, Plaintiff is advised that if he fails to timely comply with every provision of this Order, this action will be dismissed pursuant to Fed. R. Civ. P. 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) (district court may dismiss action for failure to comply with any order of the Court).

Accordingly, for the foregoing reasons,

**IT IS ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a First Amended Complaint in compliance with this Order.

2. Plaintiff's Application to Proceed in Forma Pauperis (Doc. 11) is **granted**. Plaintiff is not required to pay the filing fee.

3. If Plaintiff fails to file a First Amended Complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

1  //

2  //

3    4.   Plaintiff's Motion to Allow Electronic Filing by A Party Appearing Without an Attorney (Doc. 13) is **granted** in this case only.

Plaintiff is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, to have access to the required equipment and software, to have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case-related transmissions, and to be able to electronically transmit documents to the court in .pdf form. Plaintiff is further required to register as a subscriber to PACER (Public Access to Electronic Records) within five (5) days of the date of this Order and to comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.

Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.

Dated this 19th day of September, 2025.

_____
Jennifer G. Zipps
Chief United States District Judge