**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jason Adam Jensen,
Plaintiff,
v.
Jonathan Pinkney,
Defendant.

No. CV-25-00240-TUC-JGZ

**ORDER**

Pro se Plaintiff Jason Adam Jensen filed a Complaint against Defendant Jonathan Pinkney. (Doc. 1.) The Court granted Plaintiff leave to proceed in forma pauperis and dismissed his Complaint and First Amended Complaint for failure to state a claim, with leave to amend. (Docs. 14, 16.) Plaintiff subsequently filed his Second Amended Complaint. (Doc. 17.) For the following reasons, the Court will dismiss the Second Amended Complaint without leave to amend.

## I. Statutory Screening of In Forma Pauperis Complaints

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does

not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). But the Court is not required "to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

## II. Second Amended Complaint

Plaintiff brings this action against Jonathan Pinkney, Supervising Attorney of the Health Law Unit within the Pima County Attorney's Office, Civil Division, in both his individual and official capacities. (Doc. 17 at 2.) Plaintiff asserts two claims: (1) interference with his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12203(b); and (2) deprivation of his Fourteenth Amendment due process and equal protection rights under 42 U.S.C. § 1983. (*Id.* at 4–5.)

Plaintiff alleges that he has autism spectrum disorder and is a qualified individual with a disability under the ADA. (*Id.* at 2.) On March 27, 2025, Plaintiff contacted Pima County court representatives via email, stating that he needed to initiate ADA discrimination proceedings concerning individuals under mental health placement. (*Id.* at 3.) According to Plaintiff, court representatives informed him that his accommodation request could not be processed without an active case. (*Id.*) Plaintiff subsequently filed a petition for writ of habeas corpus in Pima County Superior Court, which he alleges provided notice of his disability and accommodation requests to Pinkney. (*Id.*)

Plaintiff alleges that Pinkney, despite possessing supervisory authority over health and mental health legal compliance matters, failed to initiate an ADA interactive process.

(*Id.* at 3–4.) Plaintiff further alleges that Pinkney ignored his proposed Tucson Computer Augmented Response Enforcement System (CARES), intended to facilitate disability accommodations during law enforcement encounters, and sought dismissal in related proceedings. (*Id.* at 4.) Plaintiff asserts that Pinkney's conduct effectively excluded him from safe interactions with law enforcement and deprived him of public safety and judicial services. (*Id.* at 4–5.)

**III. Failure to State a Claim**

**A. ADA Interference — 42 U.S.C. § 12203(b)**

Section 12203(b) prohibits coercing, intimidating, threatening, or interfering with an individual in the exercise or enjoyment of rights protected by the ADA. To establish a violation, a plaintiff must show that (1) the defendant engaged in conduct that constitutes interference, coercion, intimidation or threats; (2) the conduct had a nexus to the exercise or enjoyment of an ADA right; and (3) the plaintiff suffered a distinct and palpable injury as a result of the conduct. *Armstrong v. Newsom*, 484 F. Supp. 3d 808, 828 (N.D. Cal. 2020). Requesting an accommodation is a protected ADA activity. *Coons v. Secretary of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004).

Conclusory allegations are insufficient to state a claim under § 12203(b); the plaintiff must demonstrate a tangible injury resulting from the alleged interference, coercion, intimidation, or threat. *Brown v. City of Tucson*, 336 F.3d 1181, 1193–94 (9th Cir. 2003). Such an injury could consist of the forfeiture of ADA rights, harm caused by a refusal to give up ADA rights, or harm directly caused by the threat or interference itself. *Armstrong*, 484 F. Supp. 3d at 808.

The Court previously dismissed Plaintiff's original Complaint because he failed to allege sufficient facts identifying Defendant's conduct or providing notice of the basis for his claims. (Doc. 14 at 5.) The Court subsequently dismissed Plaintiff's First Amended Complaint because he failed to plausibly allege conduct constituting interference, coercion, intimidation, or threats under § 12203(b), or a tangible injury resulting from Defendant's conduct. (Doc. 16 at 5–6.) The Second Amended Complaint does not cure these

deficiencies.

Plaintiff alleges that Pinkney interfered with his ADA rights by failing to initiate an interactive process, ignoring his proposed Tucson CARES system, and moving for dismissal in related proceedings. (Doc. 17 at 3–4.) However, Plaintiff does not allege sufficient facts establishing that Pinkney was responsible for processing his accommodation requests or implementing his proposed system. Pinkney's supervisory authority, without more, does not establish that he personally interfered with Plaintiff's ADA rights. Moreover, as the Court previously explained, Pinkney's alleged litigation conduct appears to fall within the scope of his duties as Deputy Pima County Attorney. (Doc. 16 at 6.) Plaintiff's conclusory characterization of Pinkney's conduct as deliberate interference is insufficient to state a claim under § 12203(b).

Plaintiff also fails to plausibly allege a tangible injury resulting from Pinkney's conduct. Although Plaintiff asserts that he has been effectively excluded from safe interactions with law enforcement and deprived of public safety and judicial services, he does not identify a particular denial of accommodation or explain how Pinkney's conduct caused him an actual or imminent, concrete injury. (Doc. 17 at 4–5.) His generalized allegations of legal and physical vulnerability are insufficient to establish the requisite injury. *See Carney v. Adams*, 592 U.S. 53, 58 (2020) (explaining that an injury must be concrete and particularized, actual or imminent, and not conjectural or hypothetical).

Accordingly, Count One fails to state a claim upon which relief may be granted.

**B. Deprivation of Constitutional Rights — 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "(1) a person acting under color of State law; (2) subjects or causes to be subjected to deprivation; (3) a U.S. citizen or person in the jurisdiction of the United States; (4) of a right, privilege, or immunity secured by the Constitution and laws." *Chaudhry v. Aragón*, 68 F.4th 1161, 1169 (9th Cir. 2023). Section 1983 does not itself create substantive rights but provides a means of vindicating rights established elsewhere. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). A plaintiff cannot pursue an individual capacity § 1983 claim to vindicate rights

created by Title II of the ADA because the ADA provides a comprehensive remedial scheme. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). To the extent Plaintiff seeks to enforce his Title II ADA rights through § 1983 against Pinkney in his individual capacity, his claim fails. Plaintiff must allege an independent constitutional violation.

To state a procedural due process claim under the Fourteenth Amendment, a plaintiff must allege the deprivation of a constitutionally protected liberty or property interest without adequate procedural protections. *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010). Plaintiff alleges that Pinkney's failure to facilitate disability accommodations resulted in "procedural abandonment" and prolonged legal vulnerability. (Doc. 17 at 5.) However, Plaintiff does not identify a specific protected liberty or property interest of which Defendant deprived him or explain what constitutionally required procedures Defendant denied him. His allegations do not establish an independent procedural due process violation.

To the extent Plaintiff asserts a substantive due process claim, that claim also fails. Substantive due process prohibits governmental conduct that "shocks the conscience" or interferes with rights implicit in the concept of ordered liberty. *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009). Pinkney's alleged failure to facilitate accommodations, failure to consider Plaintiff's proposed system, and litigation conduct do not plausibly establish conduct sufficiently egregious to constitute a substantive due process violation.

Plaintiff's equal protection claim likewise fails. To state a claim based on discriminatory treatment, a plaintiff generally must allege that the defendant acted with an intent or purpose to discriminate against him because of his membership in a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Plaintiff alleges that Pinkney deliberately failed to facilitate disability accommodations. (Doc. 17 at 5.) However, Plaintiff does not allege facts demonstrating that Pinkney treated him differently from similarly situated individuals because of his disability or otherwise acted with a constitutionally impermissible discriminatory purpose. His conclusory allegations of deliberate indifference are insufficient to establish an equal protection violation.

Plaintiff also fails to establish Defendant's liability in either his individual or official capacity. Individual liability under § 1983 requires personal participation in the alleged constitutional deprivation or a sufficient causal connection between the defendant's conduct and the violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Pinkney's supervisory position alone is insufficient to establish liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Similarly, an official capacity claim against a county official generally is treated as a claim against the county, which requires an underlying constitutional violation attributable to an official policy, custom, or final policymaker. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff fails to allege an underlying constitutional deprivation or a sufficient basis for imposing liability on Pinkney in either capacity.

Accordingly, Count Two fails to state a claim upon which relief may be granted.

**IV. Leave to Amend**

For the foregoing reasons, the Court will dismiss Plaintiff's Second Amended Complaint for failure to state a claim. Plaintiff has already been afforded two opportunities to amend, and the Court has identified the deficiencies in his pleadings. (Docs. 14, 16.) Although Plaintiff raises constitutional claims for the first time in his Second Amended Complaint, those claims arise from the same alleged conduct underlying his previously dismissed claims.

Plaintiff fails to allege that Defendant personally deprived him of a protected liberty or property interest, engaged in conscience-shocking conduct, or intentionally discriminated against him. Nor does he allege an underlying constitutional violation attributable to a county policy or custom. Given these fundamental deficiencies and Plaintiff's repeated failure to state a claim, the Court concludes that further amendment would be futile. *See G.B. v. U.S. Env't Prot. Agency*, 172 F.4th 1042, 1064–65 (9th Cir. 2026) (explaining that futility alone may justify denying leave to amend, even where the plaintiff has received only one prior opportunity to amend); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). The Court will therefore dismiss the Second Amended

Complaint without further leave to amend.

Accordingly,

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 17) is **dismissed** without further leave to amend.

(2) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 4th day of November, 2026.

Jennifer G. Zipps
Chief United States District Judge